IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **RUBA ABDELHADI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-00853 |
| ) | |
| **MIDDLE EAST BROADCASTING** ) | |
| **NETWORKS, INC.,** ) | |
| ) | |
| SERVE: ) | |
| 7600 Boston Blvd. ) | |
| Springfield, VA 22153 ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

The Plaintiff, RUBA ABDELHADI ("Ms. AbdelHadi"), by counsel, states as follows in

support of her Complaint against the Defendant, MIDDLE EAST BROADCASTING

NETWORKS, INC. ("MBN"):

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for

   employment discrimination. Jurisdiction is specifically conferred on the Court by Title 28

   §§ 1331, 1343, and Title 42 § 2000e-5 of the United States Code. Equitable relief and

   other relief are also sought pursuant to Title 42 § 2000e-5(g) of the United States Code.

2. This Court has supplemental jurisdiction over Ms. AbdelHadi's state level Virginia Code

   § 40.1- 27.3 claims pursuant to 28 U.S.C. § 1367(a), which passes jurisdiction over "all

   other claims that are so related to claims in the action within such original jurisdiction

   that they form part of the same case or controversy" to the Federal level; the claims of

violation of state law arise from a common set of operative facts and are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy.

## PARTIES

3. Ms. AbdelHadi is a resident of the state of Virginia.

4. MBN is incorporated in and conducts business in the Commonwealth of Virginia within this District, with its principal place of business located in Springfield, Virginia.

## FACTUAL BACKGROUND

5. Ms. Abdel Hadi is a forty-seven (47) year-old woman hailing from Jordan.

6. This matter arises from Ms. AbdelHadi's employment with MBN.

7. Ms. AbdelHadi was hired at MBN in November 2019 with her work location in Springfield, Virginia.

8. Ms. AbdelHadi held several positions at MBN, and likewise, Ms. AbdelHadi had multiple supervisors during her time with MBN.

9. One of Ms. AbdelHadi's supervisors during the time in which she held the position Marketing Lead was Mr. Fadi Izzeldin ("Mr. Izzeldin").

10. Beginning in March 2021, Mr. Izzeldin made continuous, severe, and pervasive discriminatory comments toward Ms. AbdelHadi in his capacity as Ms. AbdelHadi's supervisor, including but not limited to comparing Ms. AbdelHadi's role in the company as Marketing Lead to little girls selling chocolates and "holiday giveaways."

11. Mr. Izzeldin consistently minimized and stereotyped women and their capabilities, placing Ms. AbdelHadi in a work-dynamic of constant subordination, not because of MBN's corporate structure but discriminatorily, because of her gender.

12. In April 2021, Mr. Izzeldin made lude remarks toward Ms. AbdelHadi in Arabic, translating to "lengthen your pants," an overtly sexist and offensive slang expression, clearly inappropriate for the workplace.

13. Ms. AbdelHadi responded to this expression with "excuse me?" to which Mr. Izzeldin commented, "Oops, it's because I'm only used to working with men."

14. Ms. AbdelHadi brought this event to MBN's Human Resources team, but Human Resources did not take effective action to stop this sex-based discrimination in the workplace.

15. On June 13, 2023, Ms. AbdelHadi had a meeting with Mr. Izzeldin and Ahmed Baniodeh, a recent hire at MBN under Ms. AbdelHadi's supervision.

16. In the aforementioned meeting, Ms. AbdelHadi gave Mr. Izzeldin her analysis of MBN's current marketing presence on Facebook, and in response, Mr. Izzeldin criticized Ms. AbdelHadi as "judgmental" and "impulsive."

17. Mr. Izzeldin then reassigned the project of analyzing MBN's current marketing presence on Facebook to Mr. Baniodeh, a new, male employee under Ms. AbdelHadi's supervision, in an attempt to get a more objective analysis than a female employee could provide.

18. On another instance, Mr. Izzeldin stated to Ms. AbdelHadi, "God helps us with your mode and temper; this must be because one of those days of the monthly period that women experience."

19. In this definitive act of sexual harassment and sex-based discrimination, Ms. AbdelHadi's personal medical information, her menstrual cycle, was openly discussed by her male

supervisor in the workplace, if not only to shame Ms. AbdelHadi, then to claim that characteristics of women were obstacles to performing their jobs.

20. In July 2022, Ms. AbdelHadi received one of the routinely conducted performance evaluations.

21. This particular evaluation occurred after Ms. AbdelHadi's reports of sex-based discrimination, and in this evaluation that lacked any notes, feedback or comments, Ms. AbdelHadi was rated lower than her previous evaluations.

22. Ms. AbdelHadi approached Human Resources to explore this evaluation and its deviation from established Human Resources protocols including conducting meetings, thorough reviews, and providing constructive feedback.

23. Human Resources responded by instructing and/or allowing Mr. Izzeldin to add additional comments to this review to justify this less than stellar review.

24. Ms. AbdelHadi made numerous attempts to find job placement elsewhere in the company, including a request to take on a new job position outside of the supervision of her harasser, Mr. Izzeldin.

25. Ms. AbdelHadi repeatedly approached the Human Resources Director, Hassan Fahmi, regarding her evaluation, the offensive language Mr. Izzeldin would use, and the continuous, severe, and pervasive discriminatory comments being made about her gender.

26. Human Resources' response was to consistently ignore Ms. AbdelHadi's emails, schedule and re-schedule meetings on multiple occasions, and prohibit Ms. AbdelHadi from approaching MBN's General Counsel, Anne Noble, about Mr. Izzeldin's behavior.

27. After Human Resources discouraged Ms. AbdelHadi from approaching MBN's General Counsel, Ms. AbdelHadi received word that Mr. Izzeldin was promoted to Vice President of MBN.

28. On November 17, 2022, Ms. AbdelHadi was constructively discharged from MBN.

29. MBN discriminated against Ms. AbdelHadi because of her sex and refused to take any reasonable and effective action to eliminate the repetitive discrimination occurring in the workplace.

30. MBN retaliated against Ms. AbdelHadi after her reports to Human Resources of unlawful activity occurring within the workplace by way of disallowing her from internal advancement opportunities, manufacturing less than stellar performance reviews outside of established procedures for the Human Resources performance review process, and finally, by creating such a discriminatory and unsustainable work environment for Ms. AbdelHadi to the point that she was constructively discharged.

31. Ms. AbdelHadi filed a Charge of Discrimination with the Equal Employment Opportunities Commission (EEOC) and was issued a Notice of Right to Sue on April 4, 2023 (Exhibit A).

### COUNT I: EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX

32. Ms. AbdelHadi incorporates and reasserts all prior allegations.

33. Pursuant to Title 42 § 2000e2(a)(1) of the United States Code, it is unlawful for employer to discriminate against an employee because of such employee's sex.

34. Ms. AbdelHadi's male supervisor, Mr. Izzeldin, consistently minimized and stereotyped Ms. AbdelHadi and her capabilities to perform her job as inferior to that of a man.

35. Ms. AbdelHadi's male supervisor, Mr. Izzeldin, made continuous, severe, and pervasive discriminatory comments toward Ms. AbdelHadi in his capacity as Ms. AbdelHadi's supervisor.

36. Mr. Izzeldin mocked Ms. AbdelHadi's role at MBN, likening it to the juvenile activity of selling chocolates from door to door.

37. Mr. Izzeldin openly and inappropriately discussed and speculated upon Ms. AbdelHadi's menstrual cycle and its impact on her ability to execute her job objectively.

38. Mr. Izzeldin had a junior, male employee recomplete work performed by Ms. AbdelHadi while openly stating his mistrust of women's objectivity and stating that his norm was working with males.

39. Mr. Izzeldin made crude and slang remarks in Ms. AbdelHadi's and other's presence, reflecting a prejudiced attitude toward women.

40. MBN's Human Resources department did not take Ms. AbdelHadi's complaints of discrimination and sexual harassment seriously, as they consistently ignored Ms. AbdelHadi's emails, scheduled and re-scheduled meetings on multiple occasions, and most blatantly, requested that Ms. AbdelHadi not approach MBN's General Counsel, Anne Noble, about Mr. Izzeldin's behavior.

41. Human Resources failed to eliminate the repetitive discriminatory behavior in the workplace, and further, they facilitated the promotion of the perpetrator of this unlawful pattern of behavior.

42. MBN's actions amount to discrimination based on sex, and they reflect a clear violation of Title VII of the Civil Rights Act of 1964.

43. Title 42 § 2000e-5(f) of the United States Code entitles Ms. AbdelHadi to file a civil action against MBN for its discrimination against her.

## COUNT II: VIOLATION OF VIRGINIA CODE § 40.1-27.3

44. Ms. AbdelHadi incorporates and reasserts all prior allegations.

45. Virginia Code § 40.1-27.3(A) states "An employer shall not discharge, discipline, threaten, discriminate against, or penalize an employee, or take other retaliatory action regarding an employee's compensation, terms, conditions, location, or privileges of employment, because the employee…or a person acting on behalf of the employee in good faith reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law enforcement official."

46. Ms. AbdelHadi made good faith reports regarding her supervisor's unlawful discriminatory and harassing behavior to multiple individuals in Human Resources, escalating this issue to the Director of Human Resources.

47. Ms. AbdelHadi was penalized as a direct result of her Human Resources complaints.

48. Human Resources imposed the penalty of a less than stellar performance review upon Ms. AbdelHadi, written by the perpetrator of the unlawful behavior Ms. AbdelHadi reported.

49. It is not just the fact that Ms. AbdelHadi received a less than stellar performance review, but what more is the fact that Human Resources instructed and/or allowed Mr. Izzeldin to add additional comments to the review in an attempt to justify it, a clear deviation from established Human Resources protocol and conduct prior to Ms. AbdelHadi's good faith report.

50. Ms. AbdelHadi suffered further retaliatory action against her terms, conditions, and privileges of employment due to her good faith reporting of unlawful activity in the workplace.

51. Intrinsic to Ms. AbdelHadi's terms, conditions, and privileges of employment with MBN is her entitlement to full and unfettered access to employee resources such as the Human Resources team.

52. In a direct response to Ms. AdbelHadi's good faith report, Human Resources consistently ignored Ms. AbdelHadi's emails, scheduled and re-scheduled meetings on multiple occasions, and prevented Ms. AbdelHadi from approaching MBN's General Counsel, Anne Noble, about Mr. Izzeldin's behavior.

53. In denying Ms. AbdelHadi the opportunity to follow up on her report, discuss her report in greater detail, and share any updates to the situation, MBN effectively denied Ms. AbdelHadi of her ability to further advocate for herself as an employee and stripped her of a crucial term, condition, and privilege of employment granted upon all other employees.

54. VA Code § 40.1-27.3(C) permits Ms. AbdelHadi to file a civil action against MBN for its retaliation against her.

WHEREFORE the Plaintiff, RUBA ABDELHADI, seeks judgment against the Defendant, MIDDLE EAST BROADCASTING NETWORKS, INC., in an amount that will compensate her for:

A. Defendant's willful violation of her rights under Title VII of the Civil Rights Act of 1964;

*Ruba AbdelHadi v. Middle East Broadcasting Networks, Inc.*
Page **9** of **9**

    B.  Compensatory damages in the amount of $350,000 including lost wages, past and/or future impairment of power to earn money; physical pain, emotional distress and humiliation, past and future;

    C.  Punitive damages in the amount of $350,000 to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

    D.  A permanent injunction against future acts of discrimination against the Plaintiff by the Defendant;

    E.  Costs expended herein, including reasonable attorneys' fees;

    F.  Pre-judgment and post-judgment interest; and

    G.  Any and all other relief to which she may be entitled.

**TRIAL BY JURY IS HEREBY DEMANDED**

                                                RUBA ABDELHADI
                                              By Counsel

SUROVELL ISAACS & LEVY PLC

By: **/s/ Jason F. Zellman**
      Jason F. Zellman (VSB #77499)
      4010 University Drive, Second Floor
      Fairfax, Virginia 22030
      Telephone: (703) 277-9704
      Facsimile: (703) 591-2149
      Email: JZellman@SurovellFirm.com
      *Counsel for Ms. AbdelHadi*