IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **RUBA ABDELHADI,** *Plaintiff,* v. **MIDDLE EAST BROADCASTING NETWORKS, INC.,** *Defendant.* | Case No. 1:23-cv-00853-MSN-LRV |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings (ECF No. 31) (herein, "Opp.") merely restates the insufficient allegations of her Complaint while citing to case law that actually undermines her position.

**I.   Plaintiff's Opposition Does Nothing to Remedy Her Insufficient Allegations.**

Plaintiff persists in relying on a spare set of insufficient, imprecise allegations, set forth on a vague timeline, in labeling her supervisor's comments as "repeated" or "consistent." Opp. at 7, 8. But these vague, unsupported allegations do not meet the applicable pleading threshold. *See* MBN's Memorandum in Support of Its Motion for Judgment on the Pleadings at 3, ECF No. 25 (the "Mot. for Judgment").

Plaintiff acknowledges that her allegations are, in fact, "ambigu[ous]"; her request that the Court consider "framing" and "wider context" (*see* Opp. at 5) in order to unearth a viable hostile work environment claim is without merit. This is because, as MBN has articulated, the allegations in the Complaint are facially insufficient, and her promised "framing" and "context" are nowhere present in her Complaint.

Recognizing the fatal paucity of her allegations, Plaintiff is reduced to suggest – without support – that the (few) allegations she provides in her Complaint are "just some examples." Opp. at 2. But those (few) allegations do not rise to the level of a legally cognizable hostile work environment, *see* Mot. for Judgment at 4-10, and Plaintiff may not now just assure the Court with a wink that she has more to say, as she nevertheless does in her Opposition at 7 n.1. A plaintiff's vague assurances that "more allegations are out there" is not sufficient to survive this procedural challenge. *See Sarraj v. N. Va. Elec.*, No. 22-CV-12, 2022 U.S. Dist. LEXIS 127735, at *25-26 (E.D. Va. July 18, 2022) (Ellis, III, J.).[1]

Plaintiff's unsupported assertion that "[w]hile there is no definite threshold as to what constitutes sufficiently numerous instances of sex-based harassment," her allegations should suffice, Opp. at 7, is incorrect, and it does nothing to address MBN's extensive caselaw to the contrary. *See* Mot. for Judgment at 5-6; *see specifically Phillips v. Univ. of Md.*, No. 15-2066, 2018 U.S. Dist. LEXIS 50325, at *29 (D. Md. Mar. 26, 2018) (where verbal remarks are not physically threatening or otherwise extremely serious, they must be pervasive in order to state a claim); *Steele v. Blinken*, No. 22-cv-00035, 2022 U.S. Dist. LEXIS 191674, at *16-17 (E.D. Va. Oct. 19, 2022) (Alston, Jr., J.) (plaintiff must plead "at least modest details that would allow the Court to assess the frequency and severity of allegedly harassing conduct" to survive a motion to dismiss).

Plaintiff's conclusory argument that, because <u>she</u> found the alleged language of her supervisor to be offensive, the "objective" element of her claim is met, Opp. at 6, also fails as a

---

[1] Although the *Sarraj* Court permitted the plaintiff the opportunity to amend her complaint, that leave should not be granted here, as discussed at § IV, *infra*, where Plaintiff has already been given, and rejected, an opportunity to amend her deficient pleading.

matter of law. As is well established, a plaintiff's belief that conduct was severe or pervasive must be both objectively and subjectively reasonable; indeed "[w]hether the environment is objectively hostile or abusive is judged from the perspective of a reasonable person in the plaintiff's position." *Howard v. Blue Ridge Health Dist.*, No. 22-cv-00003, 2023 U.S. Dist. LEXIS 45119, at *26 (W.D. Va. Mar. 16, 2023) (internal quotation marks and citation omitted). Thus, Plaintiff's insinuation that her own judgment may be substituted for the "reasonable person standard" in assessing the "objective" prong of this analysis is unsupported and untenable. *See* Mot. for Judgment at 8.

In sum, and as MBN has previously argued, Plaintiff's Complaint makes only a small handful of actual allegations, none of which – separately or in the aggregate or by "inference" or in a "wider context" – constitute a viable claim of a hostile work environment under Title VII.

### II. <u>Plaintiff Has Not Pled a Disparate Treatment Claim.</u>

Plaintiff's argument that her complaint makes out a Title VII disparate treatment claim, Opp. at 8-9, does not withstand scrutiny because she has not pled a cognizable adverse action. *Ofoche v. Apogee Med. Grp., Va., P.C.*, 815 F. App'x 690, 692 (4th Cir. 2020) (confirming that, to pass muster, a complaint must set forth an adverse action) (citing *Adams v. Trs. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011)). Plaintiff argues in this regard that she was constructively discharged, Opp. at 10, but as MBN previously presented to the Court in its Memorandum in Support of its Motion to Dismiss Count II (ECF No. 8) at § IV.B (pp. 8-12), this argument fails as a matter of law because the bar for pleading constructive discharge is even higher than that for pleading hostile work environment. *See id.* at 12; *see also Evans v. Int'l Paper Co.*, 936 F.3d 183, 193 (4th Cir. 2019) (describing the high bar for a constructive discharge claim and finding that the plaintiff had failed to meet it). In fact, this Court has already strongly suggested that Plaintiff has <u>not</u> pled a constructive discharge, in its ruling that granted MBN's Motion to

Dismiss Count II of her Complaint. *See* Order, ECF No. 17. And without a plausible constructive discharge allegation, Plaintiff – who resigned her employment – can point to no adverse employment action by MBN. Her attempt to re-style her Complaint as a "disparate treatment" claim is unavailing.

### III. Plaintiff Presents No Caselaw in Her Favor.

Plaintiff has neither identified case law that supports her position, nor any that rebuts MBN's authority confirming that the Complaint must be dismissed. MBN will not here enumerate each and every instance in which Plaintiff's cited caselaw is flawed or inapplicable, but presents these examples:

- Plaintiff cites *Deen v. Shenandoah County Public Schools*, No. 16-cv-79, 2017 U.S. Dist. LEXIS 108476, at *8-9 (W.D. Va. July 12, 2017) in laying out the elements of a Title VII hostile work environment claim, Opp. at 4, but the *Deen* Court examined allegations that were far more damning than the allegations in the Complaint here, yet determined that the plaintiff had not sufficiently pled a hostile work environment. 2017 U.S. Dist. LEXIS, at *12.

- Plaintiff cites *Evans v. International Paper Co.*, *supra*, to support the existence of the "severe and pervasive" requirement of a hostile work environment claim. Opp. at 5-6. But there, the Fourth Circuit upheld the trial court's dismissal on summary judgment of a hostile work environment claim premised on a constructive discharge allegation. The appellate court agreed that, despite allegations far harsher than those presented here, the *Evans* plaintiff had failed to meet her burden of establishing that her working conditions were so intolerable that a reasonable person would have felt compelled to resign, and it noted the "steep requirements of a hostile work environment claim," 936 F.3d at 192, 194.

- Plaintiff cites *Bailey v. Virginia Department of Alcoholic Beverage Control*, No. 18cv392, 2019 U.S. Dist. LEXIS 2997 (E.D. Va. Jan. 7, 2019) (Davis, J.) in identifying an employer's obligation to address sexual harassment, Opp. at 9.  But *Bailey* is yet another case in which the Court <u>granted the employer's motion to dismiss</u> because the plaintiff failed to set forth sufficient supporting facts.

- Plaintiff cites *Glover v. Oppleman*, 178 F. Supp. 2d 622, 638 (W.D. Va. 2001), apparently in support of her contention that she has alleged sufficiently "numerous or repeated incidents" to plead a hostile work environment.  Opp. at 7.  But *Glover* is not instructive here; it recounts a litany of threatening comments about women's bodies, sexual touching, and humiliation, against multiple women, that were evidenced by the record presented on summary judgment.  *See* 178 F. Supp. 2d at 627-31.  Plaintiff's allegations here come nowhere close to that.  In fact, the *Glover* decision itself notes that "nine unwelcome comments 'spread over months'" did <u>not</u> suffice to establish a hostile work environment.  *Id.* at 637-38 (quoting *Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430-31 (7th Cir. 1995)).  Here, Plaintiff has pled – at most – four comments, only one of which is even arguably sex-related, over a period of 18 months.  *See* Mot. for Judgment at 2, 8-10.

Plaintiff's allegations are simply insufficient, and she has presented this Court with no case law suggesting otherwise.

IV.  <u>**Plaintiff Should Not Be Granted Further Leave to Amend.**</u>

Plaintiff does not style her Opposition as a Motion for Leave to Amend, but instead embeds her leave request in her Opposition, at 8.  To the extent the Court entertains such a motion for leave at this stage, MBN strongly opposes Plaintiff having any further opportunity to amend her

5

Complaint.  This is because the Court, during oral argument on MBN's motion to dismiss Count II of Plaintiff's Complaint, expressed skepticism about the entire Complaint and asked MBN's counsel why MBN had not moved to dismiss Count I as well.  The Court dismissed Count II and granted Plaintiff leave to amend her Complaint, if she believed she could do so in good faith.  Plaintiff elected not to take that opportunity to add further evidence in support of her claims.

Further, Plaintiff has not met the procedural requirements of a motion to amend, in that she has not included a copy of the proposed amended pleading with that motion.  *See Aleron Grp., LLC v. Ferguson*, No. 21-cv-1445, 2023 U.S. Dist. LEXIS 158505, at *16 (E.D. Va. Aug. 4, 2023) (Ellis, III, J.) (collecting cases).  Allowing Plaintiff yet another opportunity to amend would only prolong this futile litigation and force MBN to expend more resources defending a meritless action.

*　*　*

The remaining Count I of Plaintiff's Complaint fails to state a claim for which relief can be granted.  Pursuant to Fed. R. Civ. P. 12(c), and applying the standards of Fed. R. Civ. P. 12(b)(6), it should be dismissed, with prejudice, in its entirety.

Dated:  November 20, 2023                Respectfully submitted,

/s/ *Andrew W. Bagley*
Andrew W. Bagley (VSB # 91927)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:	(202) 624-2500
Facsimile:	(202) 628-5116
Email:		abagley@crowell.com

*Counsel for Defendant
Middle East Broadcasting Networks, Inc.*

6

## **CERTIFICATE OF SERVICE**

I certify that on this 20th day of November, 2023, I filed the foregoing Reply in Support of MBN's Motion for Judgment electronically with the Clerk of the Court using the CM/ECF system, which caused service on the following counsel of record:

Jason F. Zellman
4010 University Drive, Second Floor
Fairfax, Virginia 22030
Telephone: (703) 277-9704
Facsimile: (703) 591-2149
Email: JZellman@SurovellFirm.com

*Counsel for Plaintiff Ruba AbdelHadi*

/s/ *Andrew W. Bagley*
Andrew W. Bagley (VSB # 91927)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:    (202) 624-2500
Facsimile:    (202) 628-5116
Email:        abagley@crowell.com

*Counsel for Defendant*
*Middle East Broadcasting Networks, Inc.*